**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSEPH M. CASTILLO,

Plaintiff,

v.                                                                                     No. 17cv1184 MV/JHR

UNITED STATES POSTAL SERVICE,
CITY OF ALBUQUERQUE,
DURHAM SCHOOLS,
SOCIAL SECURITY ADMINISTRATION,
NEW MEXICO TAX AND MOTOR VEHICLE DEPARTMENT,
HERRERA BUS, and
LAS COLINAS,

Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING THE CASE WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Financial Affidavit,

Application to Proceed In Forma Pauperis and Order (28 USC 1915), Doc. 3, filed November 30,

2017 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983,

Doc. 1, filed November 30, 2017 ("Complaint"). For the reasons stated below, the Court will

**GRANT** Plaintiff's Application and **DISMISS** this case **without prejudice** for lack of

subject-matter jurisdiction.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the person

is unable to pay such fees.

When a district court receives an application for leave to proceed in forma pauperis,

it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) his total monthly income is $192.00 in food stamps; (ii) he is unemployed; and (iii) almost all of his assets have been seized. The Court finds Plaintiff is unable to pay the costs of these proceedings because of his low monthly income and lack of assets. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

**Jurisdiction**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." In the section of the form Complaint that prompts Plaintiff for information regarding jurisdiction, Plaintiff marked the box indicating that Defendants were acting under color of state law and wrote:

US Constitution Bible I swear to defend the Constitution so help me God of the Bible Jesus "Mental Illness."
EEOC Title VII  11/29/16 EEO Suit Rights 9/22/17 90 days.

2

. . . .

> I Joseph Castillo – Since Oct 2001 Protected Title VII No Redress invoked USC 2000e seq. Rehabilitation Act of 1973, as Amende 29 USC 791 794c Request Court Appointed represent me.

[sic] Complaint at 1-2. In response to the form Complaint's instructions to state the background of the case, to identify the constitutional rights that Plaintiff alleges have been violated and to provide supporting facts, Plaintiff attached 21 typewritten pages which are largely unintelligible.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. References to constitutional rights and rights under federal law, without factual allegations supporting jurisdiction, are not sufficient to establish jurisdiction.

The Court will dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and

perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides

that:

> At the plaintiff's request, the court may order that service be made by a United
> States marshal or deputy marshal or by a person specially appointed by the court.
> The court must so order if the plaintiff is authorized to proceed in forma pauperis
> under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because it is

dismissing this case.

**IT IS ORDERED** that:

(i) Plaintiff's Financial Affidavit, Application to Proceed In Forma Pauperis and Order

(28 USC 1915), Doc. 3, filed November 30, 2017, is **GRANTED;** and

(ii) this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

_____
MARTHA VÁZQUEZ
**UNITED STATES DISTRICT JUDGE**